UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

ANTHONY DODD,

    Petitioner,

v.

D. BERKEBILE,

    Respondent.

Civil Action No. 11-91-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Anthony Dodd is incarcerated at the United States Penitentiary - Big Sandy in Inez, Kentucky. Dodd, proceeding without an attorney, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] Having reviewed his claims[1], the Court must deny the petition because the relief he seeks is barred by federal statute.

On February 12, 2002, Dodd was arrested on federal and state charges [R. 2 at 6] for his participation in a longstanding enterprise dealing in illegal narcotics. *See generally United States v. Dodd*, 473 F.3d 873 (8th Cir. 2007). On August 16, 2002, the State of Iowa imposed a ten year sentence for possession of marijuana in Case Nos. FECR248071 and FECR213279. *Id*. In 2003, Dodd was indicted for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A). Dodd subsequently pled guilty pursuant to a written agreement. On May 25, 2006,

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

the federal court sentenced Dodd to life in prison on the federal charges, to run concurrently with his Iowa sentence. *United States v. Dodd*, No. 3:03-CR-18 (S.D. Iowa 2003)

Through his petition, Dodd seeks credit against his federal sentence from the date his Iowa sentence was imposed on August 16, 2002, to the date his federal sentence was imposed on May 25, 2006, totaling 3 years, 9 months and 10 days. [R. 2 at 5] Dodd contends that by ordering his federal sentence to run concurrently with his federal sentence, the federal judge ordered his federal sentence to commence retroactively to the date his state sentence commenced.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined as follows:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

Dodd seeks credit against his federal sentence for the nearly four years he spent in state custody before his federal sentence was imposed. However, Section 3585(a) prevents Dodd's sentence from commencing any earlier than the date it was imposed, on May 25, 2006. Even when the federal sentenced is ordered to run concurrently with a previously imposed state sentence, it can only run concurrently with the *undischarged* portion of the state sentence. *United States v. Wells*,

473 F.3d 640, 645 (6th Cir. 2007) (district judge has no statutory authority to order a defendant's federal sentence to commence prior to its imposition); *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) ("Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a) ..."); *Staley v. Patton*, No. 0:07-CV-122-HRW, 2009 WL 256745, at * 2-3 (E.D. Ky. Feb. 2, 2009) (federal sentence runs concurrently only with the portion of the state sentence that remains to be served); *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at *1-2 (10th Cir. 2003). While a federal sentencing court may downward depart in light of time served under a state sentence pursuant to U.S.S.G. 5G1.3(c), the record makes clear that no such departure was made here.

Accordingly, **IT IS ORDERED** that:

1. Dodd's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

Dated this 19th day of September, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**